UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLAH,<br><br>    Petitioner,<br><br>  v.<br><br>PALMER ROBINSON,<br><br>    Respondent. | Case No. C07-697-MJP-JPD<br><br><br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

On May 17, 2007, petitioner Allah, a/k/a Edwin R. Coston, proceeding *pro se*, filed an proposed amended petition for a writ of *quo warranto*, pursuant to 28 U.S.C. § 2241. Dkt. No. 4. On May 24, 2007, petitioner submitted an application to proceed *in forma pauperis*. Dkt. No. 5. Petitioner requests that this Court issue a writ of *quo warranto* regarding the activities of King County Superior Court Judge Palmer Robinson which petitioner claims are null and void on the grounds that Judge Robinson is not a duly elected or appointed public official. Dkt. No. 4. After careful consideration of the petition, supporting materials, governing law, and the balance of the record, the Court recommends that petitioner's petition for writ of *quo warranto* be DENIED and his case DISMISSED without prejudice. As a result, petitioner's application to proceed *in forma pauperis* is DENIED as moot.

## II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner is currently in custody at the Clallam Bay Correction Center, in Clallam Bay, Washington.  Dkt. No. 4.  Petitioner's incarceration is a result of two felony VUSCA convictions in the King County Superior Court on April 30, 2002.  Dkt. No. 4, Appendix C. Petitioner's current action appears to implicate the King County Superior Court Judge who presided over petitioner's state court trial and sentencing.  *Id.*  Petitioner seeks a writ of *quo warranto* based on the claim that "the irregular appointment of defacto Judge Palmer Robinson has rendered alleged Official actions null and void."  Dkt. No. 4.  Petitioner claims that the actions of "defacto Judge Palmer Robinson" violated his unspecified constitutional rights when Judge Robinson detained the petitioner in King County Jail "under a false name Edwin R. Coston," and again when Judge Robinson "did force Allah's fingerprints on a judgment and sentence for Edwin R. Coston (fiction)."  *Id.*  Petitioner also claims that Judge Robinson "used racism and discrimination to deny Allah due process or any rights."  *Id.*

## III.  DISCUSSION

"Quo warranto is an ancient writ used by the King of England to determine if an individual's claim to an office or franchise is well-founded.  If the individual is found to be in unlawful possession of the office, the individual is ousted."  *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1131 (9th Cir. 1994) (citations omitted); *see also United States v. First Fed. Sav. and Loan Ass'n*, 248 F.2d 804, 807-08 (7th Cir. 1957), *cert. denied*, 355 U.S. 957 (1958).  It resembles an action in equity for ejectment, and is ordinarily brought against an official who is charged with exercising an office or authority without lawful right.

### A.  Jurisdiction is Lacking in this Case

The Court begins its analysis with an examination of whether jurisdiction exists to consider the petition.  Rule 81(a)(2) of the Federal Rules of Civil Procedure states that the federal rules of civil procedure apply to "proceedings for admission to citizenship, habeas corpus, and quo warranto . . . ."  Fed. R. Civ. P.  81(a)(2).  However, Rule 81 does not set

REPORT AND RECOMMENDATION
PAGE – 2

out the requirements for the writ of *quo warranto* nor the procedure for filing a petition seeking the writ. It appears from case law that in federal court, the writ may be sought only by the United States, and not by private individuals. *See Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933). Thus, it does not appear that petitioner has asserted a proper basis for federal jurisdiction over his claims.

2. <u>Petitioner Has Failed to Meet the Requirements of R.C.W. § 7.56.020</u>

Petitioner also appears to base his petition on a Washington statute that sets forth the procedure for obtaining a writ of *quo warranto*, R.C.W. § 7.56.010. Section 7.56.010 provides that a petition for quo warranto " may be filed against any person . . . when any person shall usurp, intrude upon, or unlawfully hold or exercise any public office." R.C.W. § 7.56.010. The statute limits authority to bring the action to "the prosecuting attorney in the superior court of the proper county," or "any other person on his own relation, whenever he claims *an interest in the office*." R.C.W. § 7.56.020 (emphasis added).

The Washington Supreme Court has explained that in order to show that he has "an interest in the office," a private individual must "*plead and prove title thereto in himself*." *State ex rel. Quick-Ruben v. Verharen*, 136 Wn.2d 888, 896, 969 P.2d 64, 68 (1998) (quoting *State ex rel. Dore v. Superior Court*, 167 Wn. 655, 657-59, 9 P.2d 1087 (1932)). "A mere citizen, a voter or a taxpayer has no right to maintain such an action. It must be brought under the statute officially by the prosecuting attorney, or it must be brought by a person who claims an interest in the office." *Verharen*, 136 Wn.2d at 897, 969 P.2d 64.

Petitioner has not alleged that he has a right to occupy the judicial office of King County Superior Court Judge, or any other state or federal judicial office. Thus, it appears that petitioner has failed to assert a proper basis for his petition even under state law. Accordingly, because petitioner has not asserted a proper basis for jurisdiction over his petition for a writ of *quo warranto*, it should be dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's petition for a writ of *quo warranto* be DENIED and his case DISMISSED without prejudice. As a result, petitioner's application to proceed *in forma pauperis* may be DENIED as moot. A proposed order accompanies this Report and Recommendation.

DATED this 29th day of June, 2007.

/s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge